Brett Lewis, Esq.
brett@iLawco.com
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Counsel for Nir Weiss*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIR WEISS,<br><br>                   *Plaintiff*,<br><br>v.<br><br>THE SUKKAH COMPANY, LLC,<br>MICHA KAPLAN,<br><br>                  *Defendants*. | Case No:<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Nir Weiss ("Weiss" or "Plaintiff"), by and through its undersigned attorneys, hereby submits this Complaint against Defendants The Sukkah Company, LLC and Micha Kaplan (together, the "Sukkah Company" or "Defendants") seeking damages, injunctive and other relief for trademark infringement, unfair competition, and related claims. In support thereof, Weiss alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et seq*., and under New York law. Weiss has used the marks ROYAL SUKKAH and CLASSIC SUKKAH in connection with non-metal reusable temporary shelter structures for use during a Jewish holiday since at least as

early as 2003.  Weiss owns federal registrations covering the marks ROYAL SUKKAH and CLASSIC SUKKAH (collectively, the "Weiss Sukkah Marks").  Defendants have adopted identical and infringing ROYAL SUKKAH and CLASSIC SUKKAH marks in connection with Defendants' competing shelter structures (the "Infringing Marks").  Defendants have deliberately continued using the marks despite having constructive and actual notice of Weiss's rights in the Weiss Sukkah Marks.  Weiss has filed this action to stop Defendants from selling their infringing Jewish shelter structures bearing the Weiss Sukkah Marks in violation of federal and state law.  As a result of Defendants' willful, wrongful, and unlawful conduct, Weiss seeks an injunction, damages and other monetary relief against Defendants, jointly and severally, including but not limited to treble damages, attorneys' fees, costs and pre- and post- judgment interest.

## THE PARTIES

2. Plaintiff Nir Weiss is an individual with citizenship from Israel having an address at 719 Eastern Parkway, ST 3, Brooklyn, New York 11235.

3. Upon information and belief, Defendant The Sukkah Company, LLC is a New York limited liability company with a principal place of business at 1253 East 37th Street, Brooklyn, NY 11210.

4. Upon information and belief, Defendant Micha Kaplan is an Israeli individual with an address at 35 Church Ave, Brooklyn, NY 11218.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Weiss's state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338.

6.      This Court has personal jurisdiction over Defendants because, upon information and belief: (1) Defendants do substantial business and have substantial and continuous contacts with New York; (2) Defendants reside or have their principal place of business in this judicial district; and/or (3) Defendants regularly solicit business from, do business with, and/or derive revenue consumers located in this judicial district; (4) Defendants have infringed, or have contributorily have infringed Weiss's federal-registered and common law trademarks by selling, offering to sell, distributing, and/or advertising their infringing goods in this judicial district. Additionally, Defendant The Sukkah Company LLC is incorporated in this judicial district and has its principal place of business located in this judicial district. For at least these reasons, therefore, Defendants should reasonably expect that their activities might have consequences in this judicial district.

7.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction and have committed acts of trademark infringement in this district.  Defendants are offering and selling infringing products in New York, which gives rise to

proper venue as a substantial part of its infringing acts have occurred in this district.

## BACKGROUND

8.      Nir Weiss operates a successful company, doing business as "Sukkah Depot," that sells packages of products for the Sukkot holidays.  Founded in 2003, Sukkah Depot is a leader in offering high quality sukkahs in accordance with Jewish laws.  See https://www.sukkahdepot.com/.  Weiss and Sukkah Depot pride themselves in selling sukkahs that have an easy set up feature without compromising design or quality.  Their sukkahs have

been sold throughout the United States and around the world.

9. Weiss is the owner of six registered trademarks in the U.S. for temporary shelter structures for use during the Jewish holiday in International Class 19.

10. Since at least as early as 2003, Weiss has continuously marketed and sold a variety of products for the Jewish holiday Sukkot in commerce under the mark ROYAL SUKKAH. In addition to Weiss's common law rights in the mark ROYAL SUKKAH, Weiss owns all rights, title, and interest in U.S. Trademark Registration No. 5894287 for the mark ROYAL SUKKAH, covering "Non-metal reusable temporary shelter structure for use during a Jewish holiday" in International Class 19. A true and correct copy of this U.S. Certificate of Registration is attached hereto as Exhibit A.

11. Since at least as early as 2003, Weiss has continuously marketed and sold a variety of products for the Jewish holiday Sukkot in commerce under the mark CLASSIC SUKKAH. In addition to Weiss's common law rights in the mark CLASSIC SUKKAH, Weiss owns all rights, title, and interest in U.S. Trademark Registration No. 5847223 for the mark CLASSIC SUKKAH, covering "Non-metal reusable temporary shelter structure for use during a Jewish holiday" in International Class 19. A true and correct copy of this U.S. Certificate of Registration is attached hereto as Exhibit B.

12. Weiss's federal registrations of the Weiss Sukkah Marks serve as nationwide constructive notice of Weiss's rights in these marks.

13. As a result of its longstanding and extensive use, registration, and enforcement of its rights in the Weiss Sukkah Marks, these trademarks have become well-known for use in connection with Weiss's Sukkot products. As a result of its high-quality product, extensive promotion, and worldwide sales, Weiss has developed significant consumer recognition and

valuable good will in the Weiss Sukkah Marks.

14. Weiss sells products under the Weiss Sukkah Marks at distributors across the country and through his own online retail website located at www.sukkahdepot.com.

15. Weiss has spent considerable time and expense building its brand and in developing goodwill in the Weiss Sukkah Marks and considers the Weiss Sukkah Marks to be an extremely valuable asset. Weiss has also engaged in significant advertising and promotion of products under the Weiss Sukkah Marks.

16. Because of Weiss's longstanding use and promotion of the Weiss Sukkah Marks, the marks are recognized and associated by relevant consumers as identifying Weiss's products and services and distinguishing them from others.

17. Weiss's registrations for the Weiss Sukkah Marks are valid and subsisting in full force and effect.

**Defendant's Use of the Infringing Marks and Unfair Competition**

18. Defendants sell sukkahs and Sukkot products and are direct competitors of Weiss and Sukkah Depot.

19. In this case, Defendants either had actual or constructive knowledge of Weiss's existing rights in the Weiss Sukkah Marks, and nevertheless chose to begin selling a product with

an identical and confusingly similar mark for the same products.

20. Upon information and belief, since at least as early as 2016, Defendants marketed, advertised, and sold sukkahs under the Weiss Sukkah Marks.

21. The Infringing Marks appear prominently in connection with the sale of sukkahs products as shown below:















Home   Products ⌄   Rental   Locations   Contact
FAQ   Log in

## Classic Sukkahs

Filter ⌄                    14 products                    Sort ⌄

   

7½ft Classic All White Sukkah with Schach (4'x4')
$299.00

7½ft Classic All White Sukkah with Schach (8'x10')
$659.00

7½ft Classic All White Sukkah with Schach (5'x7')
$449.00

7½ft Classic All White Sukkah without Schach (5'x7')
$399.00

22.     Defendants market and sell their sukkah products bearing the Infringing Marks on their own online retail website located at https://sukkahcompany.com/, true and correct excerpts are attached hereto as Exhibit C.

23.     The Infringing Marks each consist of the identical wording "ROYAL SUKKAH" and "CLASSIC SUKKAH" as the Weiss Sukkah Marks.

24.     The Infringing Marks are identical to the Weiss Sukkah Marks, in terms of appearance, sound, and overall commercial impression.

25.     The products that Defendants offer under the Infringing Marks are identical or

highly related to the goods offered under the Weiss Sukkah Marks, which are covered by Weiss's

federal registrations.

26. Defendants market and sell their products under the Infringing Marks to the same class and types of consumers, especially to the extent Defendants, like Weiss, offer a seasonal product to the Jewish community and are based in Brooklyn, NY.

27. Defendants' use of the Infringing Marks is likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of his products. This confusion is likely to damage Weiss's goodwill and business reputation.

28. Upon information and belief, Defendants began using the Infringing Marks in 2016 – approximately 13 years after Weiss began using the Weiss Sukkah Marks in commerce.

29. Weiss has never authorized Defendants to use the Weiss Sukkah Marks or the Infringing Marks, and Defendants adopted the Infringing Marks without Plaintiff's consent.

30. On October 7, 2019, Weiss, through his counsel, sent Defendants a cease and desist letter regarding the Weiss Sukkah Marks, alerting Defendant of Weiss's trademark rights in the Weiss Sukkah Marks, and requesting that Defendant immediately cease any and all use of the Infringing Marks, among other things.

31. Defendants never responded to Weiss's cease and desist letter and continue to use the Infringing Marks to sell products for the upcoming 2020 Sukkot.

## COUNT ONE:
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

32. Weiss repeats and incorporates the allegations in the foregoing paragraphs of this Complaint.

33. As alleged more fully herein, the United States Patent and Trademark Office has granted Weiss federal trademark registrations for the Weiss Sukkah Marks.

34. By Defendants' unauthorized use of the Infringing Marks, Defendants intentionally and knowingly used and continue to use in commerce reproductions, copies and/or colorful imitations of the Weiss Sukkah Marks in connection with the sale, offering for sale, distribution or advertising of goods in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection or association with Weiss.

35. Defendants' use of the Infringing Marks constitute trademark use, which is not merely descriptive, but instead has created a likelihood of confusion among consumers who will falsely believe that Defendants are associated with Weiss or that Weiss has sponsored or otherwise approved of Defendant's use of the Infringing Marks in relation to their goods or commercial activities.

36. Defendants continued and knowing use of the Infringing Marks without Weiss's consent or authorization constitute intentional infringement of Weiss's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. As a direct and proximate result of Defendants' infringement, Weiss has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

38. In addition to monetary damages, Weiss is entitled to permanent injunctive relief

preventing Defendants' continued infringement of Weiss's rights in the Weiss Sukkah Marks as Weiss has no adequate remedy at law for the above immediate and continuing harm.

## COUNT TWO
### (Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

39. Weiss repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

40. Defendants' use of the Infringing Marks in the manner alleged herein constitute false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, or approval of Defendants' commercial activities with respect to the Weiss Sukkah Marks.

41. The purchasing public is likely to attribute to Weiss the Defendants' use of the Infringing Marks as a source of origin, authorization, and/or sponsorship for the products Defendants sells and, further, purchase products from Defendants in the erroneous belief that Defendants are authorized by, associated with, sponsored by, or affiliated with Weiss, when Defendants are not.

42. Defendants' use of the Infringing Marks constitute intentional conduct by Defendants to make false designations of origin and false deceptions about Defendants' goods and services and commercial activities in violation of 15 U.S.C. § 1125(a).

43. Defendants' actions have created a likelihood of confusion among consumers who

will falsely believe that the goods Defendants offer in connection with the Infringing Marks are produced by, or affiliated or associated with, Weiss, when in fact they are not.

44. Upon information and belief, Defendants have acted knowingly, deliberately, and willfully with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade on Weiss's high quality reputation, and to improperly appropriate to themselves the valuable trademark rights of Weiss.

45. Defendants' unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendants have directed their marketing activities in New York and elsewhere. Defendants' actions are material in that they are likely to influence consumers to purchase products from Defendants and cause competitive and other commercial injuries to Weiss.

46. Because Defendants have had both constructive and actual notice of Weiss's rights in the Weiss Sukkah Marks yet have continued using the Infringing Marks, Defendants' conduct is willful, wanton, and egregious.

47. As a direct and proximate result of Defendants' infringement, Weiss has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

48. In addition to monetary damages, Weiss is entitled to permanent injunctive relief preventing Defendants' continued infringement of Weiss's rights in the Weiss Sukkah Marks.

**COUNT THREE**
**(New York Common Law Trademark Infringement and Unfair Competition)**

49. Weiss repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

50. Defendants are a competitor of Weiss in the sukkah and Sukkot products industry.

51. Weiss has not consented to Defendants' use of the Infringing Marks.

52. By placing an equivalent of Weiss's Weiss Sukkah Marks to advertise and market their own products, Defendants have engaged in deceptive or fraudulent conduct.

53. Defendants' deceptive and misleading use of an equivalent of Weiss's Weiss Sukkah Marks to promote, sell and market their own products is likely to cause consumer confusion as to the source, sponsorship or affiliation of Defendants' products.

54. Defendants have traded unfairly upon Weiss's goodwill and reputation and continue to do so.

55. Defendants' conduct alleged above constitutes common law trademark infringement and unfair competition with Weiss in violation of the common law of the State of New York.

56. Defendants' deceptive and misleading use of an equivalent of Weiss's Weiss Sukkah Marks have caused and are causing severe irreparable harm to Weiss including loss of goodwill, loss and/or diminution of competitive position in the marketplace and/or the ability to compete in the market, loss of ability to provide unique products, loss of reputation, loss of current and future customer relations, and loss of profits for which there is no adequate remedy at law or ability to collect damages. As such, and pursuant to the law of equity, Weiss is entitled

to immediate injunctive relief to prevent further tortious acts.

57. In the alternative, Defendants' deceptive and misleading use of an equivalent of Weiss's Weiss Sukkah Marks have caused damages to Weiss in an amount to be proven at trial.

## DEMAND FOR RELIEF

**WHEREFORE**, Weiss demands that a judgment be entered against Defendants granting the following relief:

1. That the Court find that Defendants are infringing the Weiss Sukkah Marks and corresponding federal registrations, are competing unfairly with Weiss, and otherwise have been unjustly enriched.

2. A preliminary and permanent injunction prohibiting Defendants, Defendants' officers, agents, servants, employees, and all persons acting in concert or participation with Defendants, from using the Infringing Marks or confusingly similar variations thereof or any other marks that infringe the Weiss Sukkah Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags).

3. That Weiss be awarded damages and Defendants' profits attributable to Defendants' infringement of the Weiss Sukkah Marks under 15 U.S.C. § 1117(a).

4. That Weiss be awarded three times the profits attributable to Defendants' infringement of the Weiss Sukkah Marks under 15 U.S.C. § 1117(a).

5. That Weiss be awarded its reasonable attorneys' fees and costs of suit, under 15

U.S.C. § 1117(a) and any other applicable law.

6. That an accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Weiss, reflecting the value of Defendants' unjust enrichment gained through its acts complained of herein.

7. That Weiss be awarded prejudgment and post-judgment interest on any monetary award.

8. That the Court grant Weiss such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Nir Weiss hereby demands a jury trial on all issues triable by jury.

Dated:     October 1, 2020

                                                LEWIS & LIN, LLC

                                                By: _/s/ Brett Lewis_____
                                                Brett Lewis, Esq.
                                                81 Prospect Street, Suite 8001
                                                Brooklyn, NY 11201
                                                Tel: (718) 243-9323
                                                Fax: (718) 243-9326
                                                Email: brett@iLawco.com

                                                *Counsel for Plaintiff*