# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: brett@iLawco.com

November 27, 2020

**VIA ECF**
Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Weiss vs. The Sukkah Company, LLC et al.*
Civil Case No. 1:20-cv-04678-FB-RLM

Dear Judge Block:

We represent the plaintiff in the above-referenced action. We write in response to Defendants' Micha Kaplan and The Sukkah Company, LLC (collectively, "Defendants") letter dated November 19, 2020 requesting a conference for permission to file a pre-answer motion to dismiss pursuant to your Individual Rules of Practice Section II(A)(2).

There is no legitimate basis to attack the validity of registered trademarks on a motion to dismiss. *See Frito–Lay, Inc. v. Bachman Co.,* 704 F.Supp. 432, 440 (S.D.N.Y.1989)(registered marks are presumed valid); *see also Kaplan, Inc. vs. Yun,* 16 F.Supp.3d 341, 348–49 (holding that at the motion to dismiss stage it cannot be determined whether a mark has obtained secondary meaning as it is a question of fact). The ROYAL SUKKAH® mark and the CLASSIC SUKKAH® mark are registered with the United States Patent and Trademark Office ("PTO"). The Complaint alleges as much. (Complaint at ¶¶10, 11). As such, there is a legal presumption that, as to at least the ROYAL SUKKAH® mark, which is on the Principal Register, it is valid. As discussed below, whether the CLASSIC SUKKAH® mark is distinctive is a question of fact. Defendants' barebone assertion that Plaintiff's registered trademarks are not valid because they are descriptive is both wrong on the law and an insufficient basis on which to grant dismissal of the Complaint.

Descriptive trademarks are not defective or invalid marks. It is beyond question that descriptive trademarks can and do acquire distinctiveness through use in commerce, and many

well-known and famous trademarks are descriptive. *Two Pesos,* Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769; *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 497 (2d Cir. 2000) (internal citation omitted). Moreover, attacks on the validity of registered trademarks raise questions of fact that are not properly asserted at the pleadings stage. *See Kaplan, Inc.,* 16 F.Supp.3d at 348–49. The Complaint pleads that Plaintiff is the owner of the registered CLASSIC SUKKAH® and ROYAL SUKKAH® marks, and that Defendants have infringed these marks by selling identical products to Plaintiff's using Plaintiff's trademarks. *See* Complaint at ¶¶24-27. That is enough to plead a cause of action for Lanham Act trademark infringement, Lanham Act unfair competition and false designation of origin, and common law trademark infringement and unfair competition under New York State law.

Defendants' claim that the term ROYAL is "laudatory" and hence a merely descriptive mark not capable of acquiring distinctiveness is also baseless. The USPTO made no such finding. To the contrary, the PTO granted registration to the ROYAL SUKKAH® mark on the Principal Register, with only the word "SUKKAH" disclaimed. As such, the PTO examining attorney determined that "ROYAL" was an inherently distinctive term, when used in connection with sukkahs. Yet, even if "ROYAL" were somehow a descriptive term – which it is not – the premise that descriptive marks cannot acquire distinctiveness or serve as identifiers of source is the exact opposite of what both the Lanham Act and common law proscribe. *See Two Pesos*, 505 U.S. at 769; *Staten Island Bd. of Realtors, Inc. v. Smith*, 749 N.Y.S.2d 267, 269 (2002).

The CLASSIC SUKKAH® mark is registered on the federal Supplemental Register, not the Principal Register. Yet, this only means that the USPTO has not yet been presented with evidence that the trademark has acquired distinctiveness. This mark has been in use in commerce since 2003, and there is a legal presumption that a descriptive mark acquires distinctiveness after five years' use in commerce. Plaintiff has been using the CLASSIC SUKKAH® mark in connection with its sukkahs for seventeen years. The registration on the Supplemental Register is in no way determinative of whether that mark has acquired distinctiveness through common law usage or otherwise. Further, Plaintiff's Complaint provides sufficient allegations of common-law rights in both trademarks. *See e.g.* Complaint ¶¶13-16.

Defendants provide no definitive statement as to why Plaintiff's claims (and for that matter, what claims) are untimely or barred by laches. Defendants are correct that the Lanham Act does not provide a specific term to limit claims and that a New York federal court will turn to New York state law in its analysis. *Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 196 (S.D.N.Y. 2008)). Specifically, where a claim exists for unfair competition, courts have held that New York State's six-year statute of limitations will apply. *See Conopco, Inc. v. Campbell Soup Co.,* 95 F.3d 187, 191 (2d. Cir.1996). As to trademark infringement, it is a continuing tort giving rise to a new cause of action if the infringement continues to exist. *See Hester Indust., Inc. v. Tyson Foods, Inc.,* 94 Civ. 391, 1995 WL 113939 at *5 (N.D.N.Y.) Plaintiff may sue for damages suffered in the six-years prior filing suit. *Fourth Toro Family Ltd. P'ship v. PV Bakery, Inc.*, 88 F. Supp. 2d 188, 196 (S.D.N.Y. 2000). Further, "[t]here is a presumption against laches where the lawsuit was initiated within the applicable statute of limitations." *Gross*, 641 F. Supp at 196. Accordingly, Plaintiffs' claims are not time barred or barred by laches.

Finally, the Complaint alleges wrongdoing by both Defendants, acting in concert. Defendant Kaplan is a defendant, and allegations that both Defendants infringed Plaintiff's marks, apply to Defendant Kaplan, individually, as well as to Defendant The Sukkah Company, LLC.

We thank the Court for its attention to this matter.

Respectfully submitted,

LEWIS & LIN LLC

*/s/ Brett E. Lewis*
Brett E. Lewis