**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIR WEISS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE SUKKAH COMPANY, LLC<br>MICHA KAPLAN<br><br>    Defendants. | Docket No.: 1:20-cv-04678-FB-RLM<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Micha Kaplan ("Kaplan") and The Sukkah Company, LLC ("TSC"), hereby submit this Answer and Counterclaims to the First Amended Complaint of Nir Weiss ("Weiss").[1] The Answer, Affirmative Defenses, and Counterclaims are as follows:

### NATURE OF THE ACTION

1. Defendants admit the allegations of Paragraph 1 of the Plaintiff's First Amended Complaint in so far as those allegations are a characterization of Plaintiff's action, but deny any other factual or legal assertions included or implicit in Paragraph 1 of the Complaint.

### PARTIES

2. Defendants admit the allegations in ¶ 2 of the Complaint. The Plaintiff as alleged in ¶ 2 of the Complaint is also identified as the Counterclaim-Defendant below.

3. Defendants admit the allegations in ¶ 3 of the Complaint. Defendant TSC as alleged in ¶ 3 of the Complaint is also identified as one of the Counterclaim-Plaintiffs below.

---

[1] References herein to the "Complaint" are to the Corrected First Amended Complaint (ECF No. 19) unless otherwise indicated.

4. Defendants deny the allegations in ¶ 4 of the Complaint, but in so far as Plaintiff intended to identify Defendant Micha Kaplan as a United States individual with an address at 1418 East 28th Street, Brooklyn, NY 11210, Defendants admit same. Defendant Kaplan as alleged in ¶ 4 of the Complaint is also identified as one of the Counterclaim-Plaintiffs below.

5. Defendants admit the allegations in ¶ 5 of the Complaint.

6. Defendants deny the allegations in ¶ 6 of the Complaint.

7. The allegations in ¶ 7 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs.

## JURISDICTION AND VENUE

8. The allegations in ¶ 8 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs.

9. Defendants deny the allegations in ¶ 9 of the Complaint.

10. The allegations in ¶ 10 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs. To the extent that any allegations therein are factual in nature, Defendants deny same.

## PLAINTIFF'S "BACKGROUND"

11. Defendants lack information sufficient to admit or deny the allegations of ¶ 11 of the Complaint.

12. Defendants deny the allegations of ¶ 12 of the Complaint.

13. Paragraph 13 of the Complaint asserts a legal conclusion as to "common law rights," which Defendants neither admit nor deny, leaving Plaintiff to its proofs. Defendants lack information sufficient to admit or deny the factual allegations ¶ 13 of the Complaint; Defendants admit the existence of Trademark Registration 5894287.

14. Paragraph 14 of the Complaint asserts a legal conclusion as to "common law rights," which Defendants neither admit nor deny, leaving Plaintiff to its proofs. Defendants lack information sufficient to admit or deny the factual allegations ¶ 14 of the Complaint; Defendants admit the existence of Trademark Registration 5847223.

15. The allegation in ¶ 15 of the Complaint is a legal conclusion which Defendants neither admit nor deny.

16. The allegations in ¶ 16 of the Complaint are legal conclusions which Defendants neither admit nor deny; to the extent that any allegations therein are factual in nature, Defendants deny same.

17. Defendants lack information sufficient to admit or deny the allegations of ¶ 17 of the Complaint.

18. Defendants lack information sufficient to admit or deny the allegations of ¶ 18 of the Complaint.

19. Defendants deny the allegations of ¶ 19 of the Complaint.

20. Defendants lack information sufficient to admit or deny the allegations of ¶ 20 of the Complaint.

21. Defendants lack information sufficient to admit or deny the allegations of ¶ 21 of the Complaint.

22. Defendants lack information sufficient to admit or deny the allegations of ¶ 22 of the Complaint.

23. The allegation in ¶ 23 of the Complaint is a legal conclusion which Defendants neither admit nor deny.

24. The allegation in ¶ 24 of the Complaint is a legal conclusion which Defendants neither admit nor deny.

25. Defendants lack information sufficient to admit or deny the allegations of ¶ 25 of the Complaint.

26. Defendants lack information sufficient to admit or deny the allegations of ¶ 25 of the Complaint; in addition, the allegation in ¶ 25 of the Complaint is a legal conclusion which Defendants neither admit nor deny.

27. Defendants deny the allegations of ¶ 27 of the Complaint.

28. Defendants deny the allegations of ¶ 28 of the Complaint.

29. Defendants admit the allegations of ¶ 29 of the Complaint.

30. Defendants deny the allegations of ¶ 30 of the Complaint.

31. Defendants deny the allegations of ¶ 31 of the Complaint.

32. Defendants deny the allegations of ¶ 32 of the Complaint. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

33. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion. Defendants deny any factual allegations of ¶ 33.

34. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion. Defendants admit that the wording referred to in ¶ 34 is identical.

35. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion. Defendants deny the allegations of ¶ 35 as they consist of a legal conclusion.

36. The allegations of ¶ 36 are legal conclusions; to the extent necessary Defendants deny the allegations therein.

37. The allegations of ¶ 37 are legal conclusions; to the extent necessary Defendants deny the allegations therein.

38. The allegations of ¶ 38 are legal conclusions; to the extent necessary Defendants deny the allegations therein.

39. Defendants lack information sufficient to admit or deny the allegations of ¶ 39 of the Complaint.  In addition, Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

40. Defendants deny the allegations of ¶ 40 of the Complaint.

41. Defendants lack information sufficient to admit or deny the allegations of ¶ 41 of the Complaint.

42. Defendants admit the allegations of ¶ 42 of the Complaint, except Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

43. Defendants deny the allegations of ¶ 43 of the Complaint.

## PLAINTIFF'S CLAIMS FOR RELIEF

## COUNT ONE

44. Defendants incorporate by reference the responses to the allegations in the foregoing paragraphs of this Answer.

45. Defendants admit the allegations of ¶ 45 of the Complaint, except as qualified and limited by the responses in the foregoing paragraphs of this Answer.

46. Defendants deny the allegations of ¶ 46 of the Complaint.

47. Defendants deny the allegations of ¶ 47 of the Complaint.

48. Defendants deny the allegations of ¶ 48 of the Complaint.

49. Defendants deny the allegations of ¶ 49 of the Complaint.

50. Defendants deny the allegations of ¶ 50 of the Complaint.

## COUNT TWO

51. Defendants incorporate by reference the responses to the allegations in the foregoing paragraphs of this Answer.

52. Defendants deny the allegations of ¶ 52 of the Complaint.

53. Defendants deny the allegations of ¶ 53 of the Complaint.

54. Defendants deny the allegations of ¶ 54 of the Complaint.

55. Defendants deny the allegations of ¶ 55 of the Complaint.

56. Defendants deny the allegations of ¶ 56 of the Complaint.

57. Defendants deny the allegations of ¶ 57 of the Complaint.

58. Defendants deny the allegations of ¶ 58 of the Complaint.

59. Defendants deny the allegations of ¶ 59 of the Complaint.

60. Defendants deny the allegations of ¶ 60 of the Complaint.

## COUNT THREE

61. Defendants incorporates by reference the responses to the allegations in the foregoing paragraphs of this Answer.

62. Defendants admit the allegations of ¶ 62 of the Complaint.

63. Defendants deny the allegations of ¶ 63 of the Complaint.

64. Defendants deny the allegations of ¶ 64 of the Complaint.

65. Defendants deny the allegations of ¶ 65 of the Complaint.

66. Defendants deny the allegations of ¶ 66 of the Complaint.

67. Defendants deny the allegations of ¶ 67 of the Complaint.

68. Defendants deny the allegations of ¶ 68 of the Complaint.

69. Defendants deny the allegations of ¶ 69 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants asserts the following affirmative defenses without assuming any burden of production or proof that would not otherwise fall on Defendants.  Defendants further expressly reserves the right to assert additional defenses should any such additional defenses be revealed in the course of further proceedings.

### **First Affirmative Defense**

Plaintiff's claims are barred because Plaintiff's alleged trademarks are invalid and unenforceable.

### **Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands, including, *inter alia,* fraud by affirmative misrepresentation upon the Trademark Office.

### **Third Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations or by the doctrine of laches.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, or estoppel.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred because Plaintiff is not making "trademark use" of the marks in question.

**Sixth Affirmative Defense**

Defendants' conduct was made in good faith and without willfulness.

**COUNTERCLAIMS**

Defendants/Counterclaim-Plaintiffs Micha Kaplan and The Sukkah Company, LLC, for its Counterclaims against Plaintiff/Counterclaim-Defendant Nir Weiss, alleges as follows:

**Nature of the Action, Parties, Jurisdiction:**

70. Defendants' counterclaim is a claim for (a) cancellation pursuant to 15 U.S.C. § 1119 of US Trademark Registration No. 5,894,287 for ROYAL SUKKAH, (b) cancellation of US Trademark Registration No. 5,847,223 for CLASSIC SUKKAH, and (c) a declaration that use by TSC of those terms does not constitute infringement of any trademark rights of Weiss.

71. The Parties are as defined by Plaintiff in ¶¶ 2, 3, and 4 of the Complaint, which allegations were admitted by Defendants in ¶¶ 2, 3, and 4 above.

72. This action arises under the Trademark Law of the United States (15 U.S.C. § 1051, *et seq.*, the "Lanham Act"). This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of granting the declaratory relief sought herein.

73. This Court has personal jurisdiction over Plaintiff and venue is proper in this District because Plaintiff has consented to personal jurisdiction and venue by filing its Complaint against TSC, and on information and belief, because Plaintiff resides in this district and venue.

**Facts Common to All Counts:**

74. The term SUKKAH is a transliteration of a Hebrew word which identifies a temporary shelter structure for use during the Jewish holiday of Sukkot.

75. In any event, as to both registrations at issue, Weiss explicitly disclaimed the term SUKKAH, making no claim to the exclusive right to use that term except as part of the applied-for marks.

76. The term CLASSIC has a common meaning in English that generally encompasses either 'remarkably typical' or 'judged over time to be of high quality.'

77. The term ROYAL has a common meaning in English that generally encompasses 'having the status of a king or queen or a member of their family,' but is also understood to be a laudatory or indicating qualitative excellence.

78. In this manner, ROYAL is very much like IMPERIAL, or BLUE RIBBON, or GOLD MEDAL in its implication, meaning, and function.

79. In October of 2018, the Examiner reviewing the application that eventually matured into Registration No. 5,847,223 made an *explicit* determination that the term CLASSIC SUKKAH was merely descriptive of the goods in question.

80. Approximately nine months thereafter, Counterclaim-Defendants Weiss conceded that determination and moved the relevant application to the "Supplemental Register" of the PTO.

81. Over the past years, there has been some direct communications between Plaintiff/Counterclaim-Defendant Weiss and Defendant/Counterclaim-Plaintiff Kaplan.

82. Based on those communications, Kaplan understood that Weiss himself did not think he had legally enforceable exclusive rights to the terms CLASSIC or ROYAL in connection with the goods in question.

83. Specifically, Weiss offered to pay Kaplan a not insignificant sum to coerce Kaplan to stop using those terms, which behavior clearly implied to Kaplan that Weiss could not otherwise block Weiss's use of the terms.

84. Kaplan counter-offered and when Weiss rejected that counter-offer, Kaplan considered the matter closed and continued to use the terms as before.

85. On receipt of the 2019 letter, Defendants sought advice of counsel, and behaved in accordance with the advice received.

## FIRST COUNTERCLAIM
### Cancellation of Registration No. 5,894,287

86. Counterclaim-Plaintiffs repeat and incorporate the allegations of the foregoing paragraphs of these counterclaims.

87. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

88. The term ROYAL, as used by Plaintiff, is merely laudatory and descriptive.

89. The term ROYAL SUKKAH, as used by Plaintiff on or in connection with Plaintiff's goods, is merely descriptive of those goods.

90. The Registration should be canceled in its entirety because the purported mark is "merely descriptive" of the goods.

## SECOND COUNTERCLAIM
### CANCELLATION OF REGISTRATION NO. 5,847,223

91. Counterclaim-Plaintiffs repeat and incorporate the allegations of the foregoing paragraphs of these counterclaims.

92. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

93. The term CLASSIC, as used by Plaintiff, is merely laudatory and descriptive.

94. The term CLASSIC SUKKAH, as used by Plaintiff on or in connection with Plaintiff's goods, is merely descriptive of those goods.

95. The Registration should be canceled in its entirety because the purported mark is "merely descriptive" of the goods.

## THIRD COUNTERCLAIM
### DECLARATORY JUDGMENT

96. This Counterclaim seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Defendants' marketing and sale of their Sukkah shelters does not infringe upon Plaintiff's alleged trademark rights, nor do those actions constitute false designation of origin or unfair competition, under the Lanham Act, common law, or NY State law.

97. Plaintiff's allegations in the Corrected First Amended Complaint (ECF No. 19) give rise to a case of actual controversy between the Parties within the meaning of 28 U.S.C. § 2201.

98. At issue in this lawsuit is Defendants' right to manufacture, market and sell its Sukkah shelter product throughout the United States.

99. Plaintiff's claims against Defendants are without merit. Defendants have not committed and are not committing any acts of trademark infringement or unfair competition in violation of Plaintiff's alleged trademark rights.

100. The trademark rights claimed by Plaintiff in the term CLASSIC SUKKAH are invalid and unenforceable.

101. The trademark rights claimed by Plaintiff in the term ROYAL SUKKAH are invalid and unenforceable.

102. There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is the source or origin of Defendants' Sukkah shelters, or vice-versa.

103. There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is affiliated, connected, and/or otherwise associated with Defendants, and/or that Plaintiff is sponsoring and/or has otherwise approved of Defendants' business or products.

104. TSC respectfully requests that the Court enter a declaration finding that Defendants have not infringed upon any of Plaintiff's alleged rights under the Lanham Act, common law, or NY State law.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and in turn Defendants Micha Kaplan and The Sukkah Company, LLC respectfully pray for judgment as follows:

(a) That the Complaint and all of Plaintiff's claims for relief therein be dismissed with prejudice;

(b) That Defendants be adjudged to have **not** infringed upon Plaintiff's Weiss Sukkah Marks, nor have Defendants been unjustly enriched;

(c) That no injunction issue against Defendants concerning any of its actions as alleged in the Complaint; and

(d) That Plaintiff take nothing by way of its Complaint, neither as damages, Defendants' profits, treble damages, or attorney's fees or costs under any statutory or common-law provision or doctrine.

FURTHER, Defendants Micha Kaplan and The Sukkah Company, LLC *qua* Counterclaim-Plaintiffs pray for judgment as follows:

(e) That the Court enter an Order directing the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 5,847,223;

(f) That the Court enter an Order directing the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 5,894,287;

(g) That the Court enter an Order declaring that TSC has not committed any acts of infringement, false designation of origin, or unfair competition under federal, state, or common law, and that TSC has the right to manufacture, market, and sell its Sukkah shelters using the terms CLASSIC and ROYAL;

(h) That Defendants be awarded costs of suit incurred herein, including attorneys' fees and expenses; and

(i) Such other and further relief as the Court may deem just and proper.

- 14 -

**<u>JURY TRIAL DEMANDED</u>**

Defendants hereby demand a trial by jury on the counter-claim issues so triable.

Dated:       January 18, 2021            Respectfully Submitted,

/s/Ben D Manevitz/

Ben D. Manevitz
Manevitz Law Firm, LLC
Attorney for Defendants
25 Main Street, Suite 104
Hackensack, NJ  07601-7032
ben@manevitzlaw.com
tel: (973) 594 - 6529
fax: (973) 689 - 9529

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIR WEISS,<br><br>                Plaintiff,<br><br>v.<br><br>THE SUKKAH COMPANY, LLC<br>MICHA KAPLAN<br><br>                Defendants. | Docket No.:   1:20-cv-04678-FB-RLM<br><br>JURY TRIAL   DEMANDED |

**AFFIDAVIT OF SERVICE**

I hereby certify that a true and complete copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS of Defendants Micha Kaplan and The Sukkah Company, LLC was filed using the Court's CM/ECF system, which will send electronic notice of same to all counsel of record. In addition, an additional copy of the document was served on Plaintiff by email to Plaintiff's counsel.

Dated:   January 18, 2021                    Respectfully Submitted,

                                                          /s/Ben D Manevitz/

                                                          Ben D. Manevitz
                                                          Manevitz Law Firm, LLC
                                                          Attorney for Defendants
                                                          25 Main Street, Suite 104
                                                          Hackensack, NJ  07601-7032
                                                          ben@manevitzlaw.com
                                                          tel: (973) 594 - 6529
                                                          fax: (973) 689 - 9529