**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NIR WEISS,

                     Plaintiff,

       v.

THE SUKKAH COMPANY, LLC
MICHA KAPLAN

                  Defendants.

Docket No.:   1:20-cv-04678-FB-RLM

JURY TRIAL   DEMANDED

## (FIRST) AMENDED ANSWER,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Micha Kaplan ("Kaplan") and The Sukkah Company, LLC ("TSC"), hereby submit this Answer and Counterclaims to the First Amended Complaint of Nir Weiss ("Weiss").[1] The Answer, Affirmative Defenses, and Counterclaims are as follows:

### NATURE OF THE ACTION

1.      Defendants admit the allegations of Paragraph 1 of the Plaintiff's First Amended Complaint in so far as those allegations are a characterization of Plaintiff's action, but deny any other factual or legal assertions included or implicit in Paragraph 1 of the Complaint.

### PARTIES

2.      Defendants admit the allegations in ¶ 2 of the Complaint.  The Plaintiff as alleged in ¶ 2 of the Complaint is also identified as the Counterclaim-Defendant below.

---

[1] References herein to the "Complaint" are to the Corrected First Amended Complaint (ECF No. 19) unless otherwise indicated.

3.     Defendants admit the allegations in ¶ 3 of the Complaint.  Defendant TSC as alleged in ¶ 3 of the Complaint is also identified as one of the Counterclaim-Plaintiffs below.

4.     Defendants deny the allegations in ¶ 4 of the Complaint, but in so far as Plaintiff intended to identify Defendant Micha Kaplan as a United States individual with an address at 1418 East 28th Street, Brooklyn, NY  11210, Defendants admit same.  Defendant Kaplan as alleged in ¶ 4 of the Complaint is also identified as one of the Counterclaim-Plaintiffs below.

5.     Defendants admit the allegations in ¶ 5 of the Complaint.

6.     Defendants deny the allegations in ¶ 6 of the Complaint.

7.     The allegations in ¶ 7 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs.  To the extent the allegations of this paragraph are factual, Defendants deny same.

## JURISDICTION AND VENUE

8.     The allegations in ¶ 8 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs.  To the extent the allegations of this paragraph are factual, Defendants deny same.

9.     Defendants deny the allegations in ¶ 9 of the Complaint.

10.    The allegations in ¶ 10 of the Complaint are legal conclusions; Defendants neither admit nor deny same, but leave Plaintiff to its proofs.  To the extent that any allegations therein are factual in nature, Defendants deny same.

## PLAINTIFF'S "BACKGROUND"

11.    Defendants lack information sufficient to admit or deny the allegations of ¶ 11 of the Complaint.

12.    Defendants deny the allegations of ¶ 12 of the Complaint.

13.    Paragraph 13 of the Complaint asserts a legal conclusion as to "common law

rights," which Defendants neither admit nor deny, leaving Plaintiff to its proofs.

Defendants lack information sufficient to admit or deny the factual allegations

¶ 13 of the Complaint; Defendants admit the existence of Trademark

Registration 5894287.

14.    Paragraph 14 of the Complaint asserts a legal conclusion as to "common law

rights," which Defendants neither admit nor deny, leaving Plaintiff to its proofs.

Defendants lack information sufficient to admit or deny the factual allegations

¶ 14 of the Complaint; Defendants admit the existence of Trademark

Registration 5847223.

15.    The allegation in ¶ 15 of the Complaint is a legal conclusion which Defendants

neither admit nor deny, except that Defendants categorically deny the

allegation of constructive notice with respect to the registration on the

Supplemental Register of CLASSIC SUKKAH, which is definitively *not*

constructive notice.

16.    The allegations in ¶ 16 of the Complaint are legal conclusions which Defendants

neither admit nor deny; to the extent that any allegations therein are factual in

nature, Defendants deny same.

17.    Defendants lack information sufficient to admit or deny the allegations of ¶ 17 of

the Complaint.

18.    Defendants lack information sufficient to admit or deny the allegations of ¶ 18 of the Complaint.

19.    Defendants deny the allegations of ¶ 19 of the Complaint.

20.    Defendants lack information sufficient to admit or deny the allegations of ¶ 20 of the Complaint.

21.    Defendants lack information sufficient to admit or deny the allegations of ¶ 21 of the Complaint.

22.    Defendants lack information sufficient to admit or deny the allegations of ¶ 22 of the Complaint.

23.    The allegation in ¶ 23 of the Complaint is a legal conclusion which Defendants neither admit nor deny, except to point out that the allegation in ¶ 23 misstates the relevant law, eliding important qualifications to the doctrine referenced. To the extent that any allegations in ¶ 23 are factual, Defendants deny same.

24.    The allegation in ¶ 24 of the Complaint is a legal conclusion which Defendants neither admit nor deny.  To the extent that the allegation of ¶ 24 is an allegation of fact, Defendants deny same.

25.    Defendants lack information sufficient to admit or deny the allegations of ¶ 25 of the Complaint.

26.    Defendants lack information sufficient to admit or deny the allegations of ¶ 25 of the Complaint; in addition, the allegation in ¶ 25 of the Complaint is a legal conclusion which Defendants neither admit nor deny.

27.    Defendants deny the allegations of ¶ 27 of the Complaint.

28. Defendants deny the allegations of ¶ 28 of the Complaint.

29. Defendants admit the allegations of ¶ 29 of the Complaint.

30. Defendants deny the allegations of ¶ 30 of the Complaint.

31. Defendants deny the allegations of ¶ 31 of the Complaint.

32. Defendants deny the allegations of ¶ 32 of the Complaint.  Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

33. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.  Defendants deny any factual allegations of ¶ 33.

34. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.  Defendants admit that the wording referred to in ¶ 34 is identical.

35. Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.  Defendants deny the allegations of ¶ 35 as they consist of a legal conclusion.

36. The allegations of ¶ 36 are legal conclusions; to the extent the allegations of this paragraph are factual, Defendants deny same.

37. The allegations of ¶ 37 are legal conclusions; to the extent the allegations of this paragraph are factual, Defendants deny same.

38. The allegations of ¶ 38 are legal conclusions; to the extent the allegations of this paragraph are factual, Defendants deny same.

39. Defendants lack information sufficient to admit or deny the allegations of ¶ 39 of the Complaint.  In addition, Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

40. Defendants deny the allegations of ¶ 40 of the Complaint.

41. Defendants lack information sufficient to admit or deny the allegations of ¶ 41 of the Complaint.

42. Defendants admit the allegations of ¶ 42 of the Complaint, except Defendants reject Plaintiff's use of the term, "Infringing Marks," as it incorporates a legal conclusion.

43. Defendants deny the allegations of ¶ 43 of the Complaint.

**PLAINTIFF'S CLAIMS FOR RELIEF**

**COUNT ONE**

44. Defendants incorporate by reference the responses to the allegations in the foregoing paragraphs of this Answer.

45. Defendants admit the allegations of ¶ 45 of the Complaint, except as qualified and limited by the responses in the foregoing paragraphs of this Answer.

46. Defendants deny the allegations of ¶ 46 of the Complaint.

47. Defendants deny the allegations of ¶ 47 of the Complaint.

48. Defendants deny the allegations of ¶ 48 of the Complaint.

49. Defendants deny the allegations of ¶ 49 of the Complaint.

50. Defendants deny the allegations of ¶ 50 of the Complaint.

## **COUNT TWO**

51.   Defendants incorporate by reference the responses to the

allegations in the foregoing paragraphs of this Answer.

52.   Defendants deny the allegations of ¶ 52 of the Complaint.

53.   Defendants deny the allegations of ¶ 53 of the Complaint.

54.   Defendants deny the allegations of ¶ 54 of the Complaint.

55.   Defendants deny the allegations of ¶ 55 of the Complaint.

56.   Defendants deny the allegations of ¶ 56 of the Complaint.

57.   Defendants deny the allegations of ¶ 57 of the Complaint.

58.   Defendants deny the allegations of ¶ 58 of the Complaint.

59.   Defendants deny the allegations of ¶ 59 of the Complaint.

60.   Defendants deny the allegations of ¶ 60 of the Complaint.

## **COUNT THREE**

61.   Defendants incorporates by reference the responses to the

allegations in the foregoing paragraphs of this Answer.

62.   Defendants admit the allegations of ¶ 62 of the Complaint.

63.   Defendants deny the allegations of ¶ 63 of the Complaint.

64.   Defendants deny the allegations of ¶ 64 of the Complaint.

65.   Defendants deny the allegations of ¶ 65 of the Complaint.

66.   Defendants deny the allegations of ¶ 66 of the Complaint.

67.   Defendants deny the allegations of ¶ 67 of the Complaint.

68.   Defendants deny the allegations of ¶ 68 of the Complaint.

69.   Defendants deny the allegations of ¶ 69 of the Complaint.


## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses without assuming any burden of production or proof that would not otherwise fall on Defendants.  Defendants further expressly reserves the right to assert additional defenses should any such additional defenses be revealed in the course of further proceedings.

### First Affirmative Defense

Plaintiff's claims are barred because Plaintiff's alleged trademarks are invalid and unenforceable.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands, including, *inter alia,* fraud by affirmative misrepresentation upon the Trademark Office.

### Third Affirmative Defense

Plaintiff's claims are barred by the statute of limitations or by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, or estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred because Plaintiff is not making "trademark use" of the marks in question.

### Sixth Affirmative Defense

Defendants' conduct was made in good faith and without willfulness.

## COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs Micha Kaplan and The Sukkah Company, LLC, for its Counterclaims against Plaintiff/Counterclaim-Defendant Nir Weiss, alleges as follows:

**Nature of the Action, Parties, Jurisdiction:**

70.   Defendants' counterclaim is a claim for (a) cancellation pursuant to 15 U.S.C. § 1119 of US Trademark Registration No. 5,894,287 for ROYAL SUKKAH, (b) cancellation of US Trademark Registration No. 5,847,223 for CLASSIC SUKKAH, (c) a declaration that US Trademark Registration No. 5,847,223 for CLASSIC SUKKAH is unenforceable against Defendants and that CLASSIC SUKKAH has not acquired secondary meaning, and (d) a declaration that use by TSC of those terms does not constitute infringement of any trademark rights of Weiss.

71.   The Parties are as defined by Plaintiff in ¶¶ 2, 3, and 4 of the Complaint, which allegations were admitted by Defendants in ¶¶ 2, 3, and 4 above.

72.   This action arises under the Trademark Law of the United States (15 U.S.C. § 1051, *et seq.*, the "Lanham Act").  This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of granting the declaratory relief sought herein.

73.   This Court has personal jurisdiction over Plaintiff and venue is proper in this District because Plaintiff has consented to personal jurisdiction and venue by

filing its Complaint against TSC, and on information and belief, because Plaintiff resides in this district and venue.

**Facts Common to All Counts:**

74.  The term SUKKAH is a transliteration of a Hebrew word which identifies a temporary shelter structure for use during the Jewish holiday of Sukkot.

75.  In any event, as to both registrations at issue, Weiss explicitly disclaimed the term SUKKAH, making no claim to the exclusive right to use that term except as part of the applied-for marks.

76.  SUKKAH is, in fact, the generic term for the temporary shelter structure used during the relevant holiday.

**CLASSIC SUKKAH – Merely Descriptive, Laudatory, and Highly Descriptive:**

77.  The term CLASSIC has a common meaning in English that generally encompasses either "remarkably typical" or "judged over time to be of high quality."

78.  The term CLASSIC, as used in this context, is being used either to extol some feature or attribute of the goods, to the effect that the sukkahs are "judged over time to be of high quality," or to simply describe the goods, to the effect that the sukkahs are "remarkably typical."

79.  The term CLASSIC as applied to sukkahs, directly and immediately conveys a desirable characteristic of the goods, or the nature of the goods.

80.  The term CLASSIC, as applied to sukkahs, is (at least) "merely descriptive," which is to say that the term has not acquired secondary meaning sufficient to allow it to function as a trademark.

81. In fact, while (of course) the term CLASSIC is not a *generic* term applicable to the temporary shelter structures in question, CLASSIC in this context is so highly descriptive as to be essentially incapable of acquiring secondary meaning sufficient to serve as a trademark.

82. In the alternative, the term CLASSIC is "highly descriptive" as to require a greater than usual evidentiary burden in order to prove secondary meaning.

**CLASSIC SUKKAH – Merely Descriptive by Plaintiff's Own Admission:**

83. In October of 2018, the Examiner reviewing the application that eventually matured into Registration No. 5,847,223 made an *explicit* determination that the term CLASSIC SUKKAH was "merely descriptive" of the goods in question, and gave the Plaintiff (qua Applicant) the choice of making a claim that the term CLASSIC SUKKAH had acquired secondary meaning or amending the application to the Supplemental Register.

84. Counterclaim-Defendant Weiss did *not* submit any claim or argument to the Examiner that the CLASSIC SUKKAH had acquired any secondary meaning.

85. Instead, on July 12, 2019, Mr. Weiss amended the relevant application to the "Supplemental Register" of the PTO.

86. The amendment to the Supplemental Register constitutes an admission by Mr. Weiss that – at least as of July 2019 – CLASSIC SUKKAH was "merely descriptive," which is to say that the term had not acquired secondary meaning sufficient to allow it to function as a trademark.

87. Since July 2019, any use by Weiss of the term CLASSIC SUKKAH has *not* been exclusive or substantially exclusive.

88. Plaintiff/Counterclaim-Defendant Weiss has himself alleged the existence of at least one contemporaneous user of the term CLASSIC SUKKAH, to wit, Defendants, in his own Amended Complaint.

**The Supplemental Registration is Damaging to Defendants:**

89. Plaintiff has asserted that it has common-law rights in the term CLASSIC SUKKAH, and has brought this action *in part* to enforce those claimed rights.

90. Plaintiff has further asserted that it has enforceable rights in the term CLASSIC SUKKAH based on the registration on the Supplemental Register of that term, and has brought this action *in part* to enforce those claimed rights.

91. Elements or parts of the remedies Plaintiff seeks are based, at least in part, on the registration on the Supplemental Register of CLASSIC SUKKAH.

**ROYAL SUKKAH – Merely Descriptive and Laudatory:**

92. The term ROYAL has a common meaning in English that generally encompasses "of or relating to a king, queen, or other sovereign; suitable for royalty."

93. As a matter of Jewish religious doctrine, the temporary structures in question are understood to host, over the course of the relevant holiday, at least one royal visitor.

94. As a matter of Jewish religious doctrine, every sukkah ever built will host at least one king, one prince, and arguably a queen.

95. Therefore, every sukkah sold by Plaintiff, every sukkah sold by Defendants, and every sukkah sold by any third party is necessarily "relating to a king, queen, or other sovereign," and is necessarily "suitable for royalty."

96. The term ROYAL SUKKAH directly and immediately conveys one or more of: (a) the intended purpose, function, or use of the goods; (b) a desirable characteristic of the goods; or (c) the nature of the goods.

97. The term ROYAL SUKKAH is merely descriptive, which is to say that it is a descriptive term that has not acquired secondary meaning sufficient to allow it to function as a trademark.

98. In addition, the term ROYAL is also commonly understood to be a laudatory term, indicating qualitative excellence.

99. In this manner, ROYAL is very much like IMPERIAL, or BLUE RIBBON, or GOLD MEDAL in its implication, meaning, and function.

100. If a ROYAL SUKKAH can be understood to "add royalty" to the holiday, the term is simply laudatory, extolling a feature or attribute of the goods.

101. A laudatory term falls into the descriptive category, and requires acquired secondary meaning in order to function as a trademark.

102. ROYAL SUKKAH is laudatory, which is to say, descriptive, and so requires acquired secondary meaning in order to function as a trademark.

103. The term ROYAL SUKKAH has not acquired the necessary secondary meaning.

104. U.S. Trademark Registration No. 5894287 for the mark ROYAL SUKKAH exists on the Principal Register of the US Patent and Trademark Office.

105. The allowance (ex parte) of that registration by the USPTO Examiner may be understood by some to be a determination by the Examiner that ROYAL SUKKAH is <u>not</u> "merely descriptive," but is inherently distinctive.

106. That determination was made without the benefit of adversarial proceedings.

107. The Examiner was apparently unaware of the inherently "royal" nature of all sukkahs, and did not recognize the descriptive aspect of the term ROYAL as applied to the goods in question.

108. That determination was incorrect.

**Communications Between Weiss and Kaplan:**

109. Over the past years, there has been some direct communications between Plaintiff/Counterclaim-Defendant Weiss and Defendant/Counterclaim-Plaintiff Kaplan.

110. Based on those communications, Kaplan understood that Weiss himself did not think he had legally enforceable exclusive rights to the terms CLASSIC or ROYAL in connection with the goods in question.

111. Specifically, Weiss offered to pay Kaplan in order to coerce Kaplan to stop using those terms.

112. Kaplan took that offer to imply that Weiss could not otherwise block Kaplan's use of the terms.

113. Kaplan made two suggestions as to amount in response to Weiss's offer to pay, but when Weiss rejected those, Kaplan considered the matter closed and continued to use the terms as before.

114.  On receipt of the 2019 letter, Defendants sought advice of counsel, and behaved in accordance with the advice received.

**FIRST COUNTERCLAIM**
**CANCELLATION OF REGISTRATION NO. 5,894,287**

115.  Counterclaim-Plaintiffs repeat and incorporate the allegations of the foregoing paragraphs of these counterclaims.

116.  Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

117.  The term ROYAL, as used by Plaintiff, is merely laudatory and descriptive, and is without secondary meaning or distinctiveness.

118.  The term ROYAL SUKKAH, as used by Plaintiff on or in connection with Plaintiff's goods, is merely laudatory and descriptive of those goods, and is without secondary meaning or distinctiveness.

119.  The Registration should therefore be canceled in its entirety.

**SECOND COUNTERCLAIM**
**CANCELLATION OF REGISTRATION NO. 5,847,223**

120.  Counterclaim-Plaintiffs repeat and incorporate the allegations of the foregoing paragraphs of these counterclaims.

121.  Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order the cancellation of a trademark registration in any civil action involving a registered mark.

122. The term CLASSIC, as used by Plaintiff, is merely laudatory and descriptive, and is without secondary meaning or distinctiveness.

123. The term CLASSIC SUKKAH, as used by Plaintiff on or in connection with Plaintiff's goods, is merely laudatory and descriptive of those goods, and is without secondary meaning or distinctiveness.

124. Defendants are damaged by the continuing presence of the Registration, even on the Supplemental Register, by dint of Plaintiff's reliance on same in pursuing this action and the remedies Plaintiff demands.

125. In the alternative, the term CLASSIC SUKKAH is so highly descriptive as to be incapable of acquiring secondary meaning, and as such should not be allowed continuing registration on the Supplemental Register.

126. The Registration should be canceled in its entirety because the purported mark damages the Defendant by its very existence, or because it is improperly included in the Supplemental Register.

**THIRD COUNTERCLAIM**
DECLARATORY JUDGMENT CONCERNING REGISTRATION 5,847,223

127. Counterclaim-Plaintiffs repeat and incorporate the allegations of the foregoing paragraphs of these counterclaims.

128. Plaintiff's allegations in the Corrected First Amended Complaint (ECF No. 19) give rise to a case of actual controversy between the Parties within the meaning of 28 U.S.C. § 2201.

129. As an alternative to cancellation of Registration 5,847,223 (CLASSIC SUKKAH), this Counterclaim seeks a declaration that US Registration 5,847,223 is

unenforceable against Defendants and that the term CLASSIC SUKKAH has not acquired distinctiveness or secondary meaning.

## FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT

130.  This Counterclaim seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Defendants' marketing and sale of their Sukkah shelters does not infringe upon Plaintiff's alleged trademark rights, nor do those actions constitute false designation of origin or unfair competition, under the Lanham Act, common law, or NY State law.

131.  Plaintiff's allegations in the Corrected First Amended Complaint (ECF No. 19) give rise to a case of actual controversy between the Parties within the meaning of 28 U.S.C. § 2201.

132.  At issue in this lawsuit is Defendants' right to manufacture, market and sell its Sukkah shelter product throughout the United States.

133.  Plaintiff's claims against Defendants are without merit. Defendants have not committed and are not committing any acts of trademark infringement or unfair competition in violation of Plaintiff's alleged trademark rights.

134.  The trademark rights claimed by Plaintiff in the term CLASSIC SUKKAH are invalid and unenforceable.

135.  The trademark rights claimed by Plaintiff in the term ROYAL SUKKAH are invalid and unenforceable.

136.  There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is the source or origin of Defendants' Sukkah shelters, or vice-versa.

137.  There is no likelihood that any consumers have been and/or will be confused, mistaken, and/or deceived into believing that Plaintiff is affiliated, connected, and/or otherwise associated with Defendants, and/or that Plaintiff is sponsoring and/or has otherwise approved of Defendants' business or products.

138.  TSC respectfully requests that the Court enter a declaration finding that Defendants have not infringed upon any of Plaintiff's alleged rights under the Lanham Act, common law, or NY State law.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and in turn Defendants Micha Kaplan and The Sukkah Company, LLC respectfully pray for judgment as follows:

(a)   That the Complaint and all of Plaintiff's claims for relief therein be dismissed with prejudice;

(b)   That Defendants be adjudged to have **not** infringed upon Plaintiff's Weiss Sukkah Marks, nor have Defendants been unjustly enriched;

(c)   That no injunction issue against Defendants concerning any of its actions as alleged in the Complaint; and

(d)   That Plaintiff take nothing by way of its Complaint, neither as damages, Defendants' profits, treble damages, or attorney's fees or costs under any statutory or common-law provision or doctrine.

FURTHER, Defendants Micha Kaplan and The Sukkah Company, LLC *qua* Counterclaim-Plaintiffs pray for judgment as follows:

(e)   That the Court enter an Order directing the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 5,847,223;

(f)   That the Court enter an Order directing the Commissioner of Patents and Trademarks to cancel the registration of U.S. Trademark Registration No. 5,894,287;

(g)   That the Court enter an Order declaring that U.S. Trademark Registration No. 5,894,287 is unenforceable at least as against Defendants, and that CLASSIC SUKKAH remains "merely descriptive," without acquired secondary meaning;

(h)   That the Court enter an Order declaring that TSC has not committed any acts of infringement, false designation of origin, or unfair competition under federal, state, or common law, and that TSC has the right to manufacture, market, and sell its Sukkah shelters using the terms CLASSIC and ROYAL;

(i)   That Defendants be awarded costs of suit incurred herein, including attorneys' fees and expenses; and

(j)   Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Defendants hereby demand a trial by jury on the counter-claim issues so triable.


Dated:   ___April 18, 2021___               Respectfully Submitted,

                                            /s/Ben D Manevitz/

                                            _____
                                            Ben D. Manevitz
                                            Manevitz Law Firm, LLC
                                            Attorney for Defendants
                                            301 Route 17 North, Suite 800
                                            Rutherford, NJ  07070-2581
                                            ben@manevitzlaw.com
                                            tel: (973) 594 - 6529
                                            fax: (973) 689 - 9529

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIR WEISS, | |
| Plaintiff, | Docket No.: 1:20-cv-04678-FB-RLM |
| v. | |
| THE SUKKAH COMPANY, LLC | JURY TRIAL DEMANDED |
| MICHA KAPLAN | |
| Defendants. | |

<u>**AFFIDAVIT OF SERVICE**</u>

I hereby certify that a true and complete copy of the foregoing (FIRST) AMENDED

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS of Defendants Micha Kaplan and

The Sukkah Company, LLC was filed using the Court's CM/ECF system, which will send

electronic notice of same to all counsel of record. In addition, an additional copy of the

document was served on Plaintiff by email to Plaintiff's counsel.

Dated: _____April 18, 2021_____

Respectfully Submitted,

/s/Ben D Manevitz/

_____
Ben D. Manevitz
Manevitz Law Firm, LLC
Attorney for Defendants
301 Route 17 North, Suite 800
Rutherford, NJ 07070-2581
ben@manevitzlaw.com
tel: (973) 594 - 6529
fax: (973) 689 - 9529